## OLIVE R. VAN NOSTRAND

### V.

## CHARLES B. MEALAND, ASSIGNEE, ETC.

*Insolvency—Claim of Wife of One Member of Firm—Loan.*

This court holds as erroneous an order disallowing the claim of a married woman against an insolvent firm of which her husband was a member.

[Opinion filed May 21, 1891.]

APPEAL from the County Court of Kane County; the Hon. EDWARD C. LOVELL, Judge, presiding.

Messrs. SHERWOOD & JONES, for appellant.

Messrs. CLIFFORD & SMITH, BOTSFORD & WAYNE and JOHN A. RUSSELL, for appellee.

C. B. SMITH, P. J. On and prior to September 4, 1884, Edwin E. Balch and George Colie were doing business in Elgin under the firm name of Balch & Colie.

About the 5th of September Balch sold his interest in the business to George Y. Van Nostrand for $1,000, and he assumed the debts of the firm. Balch supposed at the time that Van Nostrand was buying the entire business and that Colie was also selling his interest, but this was a private understanding between Van Nostrand and Colie, that Colie was to remain in

the business after they had gotten rid of Balch and that the new firm should be Van Nostrand & Colie.

Immediately after this arrangement was completed Van Nostrand took possession with Colie and at once went to his wife, the plaintiff in this case, and informed her that he wanted to borrow from her $1,500 for himself and five hundred for the new firm of Van Nostrand & Colie. Mrs. Van Nostrand did not have the money, but in order to accommodate her husband and his new partner she sold a mortgage for $1,000 and gave her husband the proceeds of it. He immediately paid Balch $500 out of this loan and took the other five hundred and placed it to the credit of the new firm of Van Nostrand & Colie. This money was used by Van Nostrand & Colie in paying the debts of the firm. Again on the 25th of September George G. Van Nostrand borrowed from his wife $200 for the use of the firm, and again on the 5th of October he borrowed from her $50 for the firm.

All these sums of money were placed to the credit of the firm of Van Nostrand & Colie and were used by them in buying goods and paying bills.

The December following the firm of Van Nostrand & Colie failed and made an assignment to Charles B. Mealand for the benefit of their creditors.

Appellant, Mrs. Van Nostrand, filed and proved her claim against the firm for $750, the amount loaned them, through her husband, but her claim was not allowed. From this order Mrs. Van Nostrand appeals to this court. We think the County Court erred in disallowing this claim. There is no proof in the record to show that Mrs. Van Nostrand had any knowledge of the agreement of her husband with Balch to pay all the debts of the firm when he bought into it. She was an entire stranger to that transaction and was not bound by it and it was not admissible in evidence against her. The money was loaned by her to the firm and used on the joint account of the firm in buying goods and paying debts with the knowledge and assent of both its members. Appellant was not bound to see what use the firm made of the loan. Even if she had known that her husband had agreed to pay the old

debts of the firm she might still loan the new firm money to be used by them as they saw fit.

But the evidence shows that as between George Van Nostrand and Colie the agreement on the part of Van Nostrand to pay all the debts of the firm was a mere ruse to get rid of Balch, and that it was then understood that Colie should remain in the firm as a silent partner, but in fact without any change as to his rights and liabilities in the firm. So that as between the members of the new firm Colie was not released from the debts of the old firm nor his relation to the assets or its debts at all changed.

Appellant loaned her money to the new firm in good faith and the firm used it to pay debts, for which they were both liable, and to buy goods, and we fail to see any reason why appellant should not be permitted to prove her claim against the assignee.

The judgment is reversed and the cause remanded.

<i>Reversed and remanded.</i>